# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHRISTOPHER MATTHEW MILES,**

    **Plaintiff,**

vs.                                    CASE NO.  4:24-CV-00020-AW-MAF

**OFFICER ADAM ELLLINGTON,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Matthew Miles, a pretrial detainee held at Florida State Hospital (FSH) and proceeding *pro se*, initiated a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff filed an incomplete motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. This Court screened Plaintiff's original complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the complaint was legally insufficient as filed. ECF No. 4. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed if he did not correct the deficiencies and if he did not file an IPF motion or pay the filing fee. See ECF Nos. 4 and 6.

The Court gave Plaintiff until **March 18, 2024**, to comply but Plaintiff did not do so. ECF No. 6. For the reasons stated it is recommended that the complaint be dismissed and the case be closed.

## I.   Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). A brief discussion of the procedural history is warranted.

## II. Procedural History

Plaintiff initiated this case with a legally insufficient complaint; and the Court ordered him to amend by February 23, 2024, and to either file a proper IFP application or pay the filing fee and provided him with the proper forms. ECF No. 4. Plaintiff then filed a letter with the heading, "Motion for IFP extension or extension of payment." ECF No. 5. The Court struck the filing as improper because, without a case style, it did not comport with the Local Rules. ECF No. 6. Nonetheless, the Court extended Plaintiff's deadline until

March 18, 2024. Id. As of today, Plaintiff did not amend, did not file a proper IFP motion, and did not pay the filing fee.

### III. Plaintiff's Complaint, ECF No. 1.

Plaintiff sued Adam Ellington, an officer employed by the Leon County Sheriff's Office (LCSO). ECF No. 1, pp. 1-3. Plaintiff also sued the "Sheriff's Department" with an official position of "[a] municipal government" employed by the "City of Tallahassee"; presumably, Plaintiff intends to sue the Leon County Sheriff's Office. Id. Both are sued in their official capacities. Id., p. 3.

Plaintiff's complaint is scant. As best can be determined, Plaintiff was attacked at gunpoint by his neighbors, on December 28, 2023. Id., p. 5. Plaintiff claims he needed an ambulance to check his shoulder, but Officer Ellington and other LCSO officers directed the ambulance to leave without attending to Plaintiff's injury. Id. Plaintiff alleges Officer Ellington arresting him. Id. Plaintiff provides no information about his alleged shoulder injury except that it "was hurting really bad." Id. Plaintiff maintains officers violated his "right to treatment at the scene of a crime." Liberally construed, officers were, allegedly, deliberately indifferent to Plaintiff's serious medical need. Id. Plaintiff seeks $8,000,000 from Officer Ellington and $10,000,000 from the unidentified LCSO officers. Id., p. 7.

## IV. Discussion

Plaintiff had sufficient opportunity to amend his complaint to correct the deficiencies this Court identified, but he did not do so. Each deficiency is discussed below.

### A. Plaintiff's Complaint is Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(b)).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015)). "Courts in the Eleventh Circuit have little tolerance for

shotgun pleadings" and district courts have "'the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Id. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. In Weiland, supra, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321.

The most common type of shotgun pleadings are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id., at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." Id., at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Plaintiff's complaint is a shotgun pleading because Plaintiff does not properly attribute any acts or omissions to each Defendant. ECF No. 1. If Plaintiff is trying to sue the LCSO, he does not attribute any set of facts to

the office other than the fact that Ellington is an employee. Moreover, Plaintiff does not provide sufficient facts about the alleged event to suggest there was a constitutional violation.

Furthermore, Plaintiff was previously advised that his claim would most likely fail under a theory of *respondeat superior*. "(L)iability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. denied, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Not only did Plaintiff fail to allege sufficient facts against the named Defendants, but he failed to allege that there is a policy or custom within the

LCSO that led to a constitutional violation. Plaintiff had sufficient opportunity to amend to cure the deficiencies identified by the Court, but he did not file an amended complaint.

   B. <u>Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee</u>

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper form. ECF No. 4. The Court directed Plaintiff to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee. <u>Id.</u>, p. 2. Twice, the Court advised Plaintiff that his case would not proceed without a proper IFP application or payment of the fee. <u>See</u> ECF Nos. 4 and 6. Plaintiff did not comply.

   C. <u>Failure to Follow Court Orders</u>

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of

cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, Plaintiff had until March 18, 2024, to comply but has not done so. ECF No. 6. Such defiance to this Court's order need not be tolerated, particularly, where the Court advised Plaintiff of dismissal on more than one occasion in this case and in the other cases he has pending in this Court.[1] Id. Dismissal is appropriate.

## V.   Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v.

---

[1] Notably, the Court provided Plaintiff with similar advisements on the proper course of proceeding in federal cases in its orders in multiple pending cases: N.D. Fla. Nos. 4:23- cv-00531-AW-MAF, Miles v. Davis, et al.; 4:23-cv-00534-AW-MAF, Miles v. Patent Professors, et al.; and 4:24-cv-00026-MW-MAF, Miles v. Tallahassee Police Dep't, et al.

Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 29th day of March, 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).